BOB McCOY, Justice,
dissenting.
I respectfully dissent. As succinctly put by Appellees in their briefing, “Appellants have not cited a single Texas case, and [ajppellees have found none, in which a party who responded to nothing, appeared for nothing, and objected to nothing was entitled to any relief on appeal.”
A procedural review of the case shows that Appellants filed an unsworn special appearance and obtained no hearing or ruling. An unsigned “Motion to Compel Arbitration/Dismiss, [or] Alternatively to Stay” was filed. Appellants failed to respond to Requests for Admissions. Appellants failed to respond to a traditional motion for summary judgment. Appellants did not appear at the hearing on this latter motion.
On February 15, 2011, Appellant Kelly wrote to the court concerning the motion to compel arbitration and did not request a hearing. On May 28, 2011, Appellant Kelly wrote to the court concerning the motion to compel arbitration and did not request a hearing. In September, 2011,[1] Appellant Kelly wrote to the court concerning the motion to compel arbitration and did not request a hearing. Finally, on October 20, 2011, Appellant Kelly (who could not represent Appellant Technotree) filed a “Motion for Expedited Telephonic Hearing and to Continue Trial.” After Appellants retained counsel for their motion for new trial, an obviously exasperated trial court judge recounted as follows,
The document I was trying to show you [counsel] was her [the court coordinator’s] e-mail that we have informed Mr. Kelly, on multiple occasions, what he needs to do to get a matter set before this Court. It includes having a certificate of conference and requesting a hearing. And for whatever reason, my recollection is, Mr. Kelly just simply refused to follow those requests, both verbal and certainly, even by e-mail.
My point of showing it to you was, I, frankly, wanted you to know, as Mr. Kelly’s counsel, that our Court has bent over backwards to make sure that he had a clear understanding of how to have his day in court, and for whatever reason, he never chose to appear or participate in the process.
... [B]ut you do need to know that that is my belief in this case, that he *914 would continue to write letters requesting a setting or a hearing, but he would never follow it through. He would never get the certifícate of conference and call the Court- get it set on the Court’s docket.
I’m just — in my mind,- he’s a pro se litigant. He is trying to figure out the Court system and how does he get something set. And to be candid, my frustration, in a sense, that I know that our staff has bent over backwards to make sure he understands. So he continues to write letters complaining how he can’t get a hearing or whatever the letters say. They speak for themselves, but the fact is, is that we’ve told him what he needs to do, and he just simply doesn’t do it.
So I was aware of Mr. Kelly’s request, and that is why, as I pointed out earlier, we’ve tried to make every effort to simply get him to follow the rules to get the matter set. And with respect to a motion [to] compel arbitration, that has not been before me.
... [I]t’s my belief that the Court did everything within its power to try to inform Mr. Kelly of the procedures to get the motion set. And frankly, the way — I believe as Ms. Webre stated, with respect to the rules of the Supreme Court on how this Court construes arbitration, it was surprising to me that if he really wanted the
I cannot find that the trial court abused its discretion under the circumstances and would affirm the judgment of the trial court.

. As noted by the majority, it is unclear exactly what day the handwritten date represents.